UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CRISTIAN RAMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04059-JEH |
| | ) |
| | ) |
| JUSTIN BRYANT and | ) |
| NICHOLAS BRYAN, | ) |
| | ) |
| Defendants. | ) |

**Order**

  This cause is before the Court on Plaintiff's motion to waive or to reduce costs and on Defendants' motion for bill of costs to be imposed against Plaintiff.

  Defendants have moved the Court, under Federal Rule of Civil Procedure 54 and Local Rule 54.1, for an Order imposing costs against Plaintiff and in their favor. As the prevailing party in this case, Defendants argue that they are entitled to costs, and Defendants represent that the costs that they incurred in this case for which they should be compensated is $894.98.

  In response to Defendants' motion for costs, Plaintiff has filed a motion asking the Court to waive or to reduce the costs sought by Defendants. Plaintiff states that he is a single father of a two-year-old daughter. Plaintiff further represents that he has only recently been released from the custody of the Illinois Department of Corrections (IDOC) and that he relies on Government assistance to meet his financial needs. Accordingly, Plaintiff asks the Court to waive or reduce the costs sought by Defendants.

  Federal Rule 54 provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be

allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A district court simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). The presumption is that costs will be awarded to the prevailing party, and this presumption is "difficult to overcome." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The "prevailing party" under Rule 54(d) is "the party who prevails as to the substantial part of the litigation." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1014-15 (7th Cir. 1985) (internal quotation omitted).

In the instant case, the Court finds that the expenses sought by Defendants are allowable cost items, that the amount sought is reasonable, and that the amount sought was necessary for Defendants to prevail in this case. 28 U.S.C. § 1920; *Mother & Father v. Cassiday*, 338 F.3d 704, 712 (7th Cir. 2003). As noted *supra*, Rule 54(d) creates a strong presumption that the prevailing party will recover costs, and this presumption is difficult to overcome. *Stone v. City of Indianapolis Pub. Utilities Div.*, 28 F. App'x 573, 579 (7th Cir. 2002). In fact, a district court *must* award costs unless good reasons exist for denying them. *Id.*; *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982) ("[W]here Rule 54(d) applies, the prevailing party is *prima facie* entitled to costs and the losing party must overcome that presumption.").

Plaintiff has not overcome this presumption, nor has he shown a good reason(s) as to why costs should not be imposed against him. "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997). Plaintiff decided to file this lawsuit, which was his right to do. After the IDOC released him, Plaintiff decided to continue to litigate this case

and to ask a jury to resolve his claim against Defendants, which was also his right to do.

However, Defendants are now the prevailing parties in this case, and as a result, they are entitled to the costs that they seek. Although the United States Court of Appeals for the Seventh Circuit has advised district courts to give some leniency to *pro se* plaintiffs in considering a motion for leave to proceed *in forma pauperis*, *Whitaker v. Dempsey*, 83 F.4th 1059 (7th Cir. 2023), the Court is aware of no authority holding that leniency is to be given to a *pro se* plaintiff who loses his case on summary judgment or at trial when a district court considers a prevailing party's request for fees under Rule 54(d). On the contrary, the current state of the law is just the opposite, in that, a prevailing party is entitled to recover costs, even costs against a *pro se* party.

Plaintiff has acknowledged that, although it may be small, he has a source of income. Plaintiff has not overcome the strong presumption that Defendants are entitled to costs as the prevailing parties in this case, and he has not shown that he cannot pay the costs, if imposed by the Court, sometime in the future.

**IT IS, THEREFORE, ORDERED:**

    1.    **Plaintiff's motion to waive or to reduce costs [93] is DENIED.**

    2.    **Defendants' motion for costs [92] is GRANTED.**

    3.    **Accordingly, costs are imposed in Defendants' favor and against Plaintiff pursuant to Defendants' bill of costs in the amount of $894.98.**

    4.    **Plaintiff must pay $894.98 to Defendants as soon as possible, and Defendants are free to begin whatever collection procedures that they wish to take in order to collect the fees awarded to them.**

*It is so ordered.*

Entered: September 23, 2025

s/Jonathan E. Hawley

U.S. District Judge